11-3552-cv
G.B. v. Tuxedo Union Free Sch. Dist.

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

### SUMMARY ORDER

RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007 IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, 500 Pearl Street, in the City of New York, on the 18th day of October, two thousand twelve.

PRESENT: DENNY CHIN,
         RAYMOND J. LOHIER, JR.,
         CHRISTOPHER F. DRONEY,
                  Circuit Judges.

- - - - - - - - - - - - - - - - - - - -x

G.B., L.B., on behalf of their minor
child, N.B., and on their own behalf,
         Plaintiffs-Appellees,

         - v. -                                    11-3552-cv

TUXEDO UNION FREE SCHOOL DISTRICT,
         Defendant-Appellant.[*]

- - - - - - - - - - - - - - - - - - - -x


FOR PLAINTIFFS-APPELLEES:      MARY JO WHATELEY (Michael H. Sussman, on the brief), Sussman & Watkins, Goshen, New York.

FOR DEFENDANT-APPELLANT:       MARK CRAIG RUSHFIELD, Shaw, Perelson, May & Lambert LLP, Poughkeepsie, New York.

---

[*]      The Clerk of the Court is directed to revise the official caption to conform to the above.

Appeal from a judgment dated August 15, 2011, of the United States District Court for the Southern District of New York (Karas, _J._).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Defendant-appellant Tuxedo Union Free School District (the "District") appeals from a judgment entered on August 15, 2011, in favor of plaintiffs-appellees G.B. and L.B., on behalf of their daughter, N.B., and on their own behalf, on their claim for tuition reimbursement under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. § 1400 _et seq._, following (1) the district court's September 30, 2010 order granting plaintiffs' motion for summary judgment and denying the District's cross-motion for summary judgment; and (2) the district court's August 12, 2011 order directing entry of judgment for plaintiffs in the amount of $71,041.25.  We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues presented for review.

We review _de novo_ a district court's award of summary judgment in an IDEA case.  _A.C. ex rel. M.C. v. Bd. of Educ._, 553 F.3d 165, 171 (2d Cir. 2009).  In doing so, we recognize that "the role of the federal courts in reviewing state educational decisions under the IDEA is 'circumscribed.'"  _Gagliardo v. Arlington Cent. Sch. Dist._, 489 F.3d 105, 112 (2d Cir. 2007) (quoting _Muller ex rel. Muller v. Comm. on Special Educ._, 145

-2-

F.3d 95, 101 (2d Cir. 1998)).  Although we must conduct an independent review of the administrative record and make a determination based on a preponderance of the evidence, we must give due weight to the administrative proceedings, mindful that the judiciary lacks the expertise necessary to resolve difficult questions of educational policy.  See M.H. v. N.Y.C. Dep't of Educ., 685 F.3d 217, 240-41 (2d Cir. 2012).

In determining whether parents who challenge a proposed Individualized Education Program ("IEP") are entitled to reimbursement for private school tuition, we first ask if the proposed IEP was adequate to "afford the child an appropriate public education."  Walczak v. Fla. Union Free Sch. Dist., 142 F.3d 119, 129 (2d Cir. 1998).  If the IEP was not adequate, we then ask whether the private schooling obtained by the parents was "appropriate to the child's needs."  Id.  An IEP is adequate if (1) the state complied with the IDEA's procedural requirements, and (2) the IEP is "reasonably calculated to enable the child to receive educational benefits."  Cerra v. Pawling Cent. Sch. Dist., 427 F.3d 186, 192 (2d Cir. 2005) (quoting Walczak, 142 F.3d at 129) (internal quotation marks omitted).  In evaluating an IEP, we must also be mindful of the IDEA's requirement that disabled children be placed in the "[l]east restrictive environment," and educated "[t]o the maximum extent appropriate" alongside their non-disabled peers.  20 U.S.C. § 1412(a)(5); see also Gagliardo, 489 F.3d at 108 (noting the IDEA's "strong preference for 'mainstreaming'").

We have conducted an independent and <u>de novo</u> review of the record, and for substantially the reasons stated by the district court in its thorough opinion of September 30, 2010, we conclude that (1) the proposed IEPs for N.B. for the 2006-07 and 2007-08 school years were inadequate to afford N.B. an appropriate public education in the least restrictive environment, and (2) the private schooling obtained by plaintiffs was appropriate to N.B.'s needs.

We have considered the District's remaining arguments and find them to be without merit.  Accordingly, we hereby **AFFIRM** the judgment of the district court.

FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK